FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 27, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> SULAK ) <br> ) <br> ) <br> Defendant. ) <br> _____ ) | No. 2:25-cr-00020-TOR |

Received Rule 5 papers from the United States District Court, Western District of Washington.

CLOSED

# U.S. District Court
## United States District Court for the Western District of Washington (Tacoma)
## CRIMINAL DOCKET FOR CASE #: 3:25−mj−05064−DWC All Defendants

| | |
|---|---|
| Case title: USA v. Sulak | Date Filed: 02/21/2025 |
| Other court case number: 2:25−cr−20−TOR Eastern District of Washington | Date Terminated: 02/21/2025 |

Assigned to: Judge David W. Christel

**Defendant (1)**

**Raymond S Sulak**  represented by  **Lindsay Jo McCaslin**
*TERMINATED: 02/21/2025*                FEDERAL PUBLIC DEFENDER'S OFFICE (TAC)
                                        1331 BROADWAY
                                        STE 400
                                        TACOMA, WA 98402
                                        253−593−6710
                                        Email: lindsay_mccaslin@fd.org
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*
                                        *Designation: Public Defender or Community Defender Appointment*

**Pending Counts**                      **Disposition**

None

**Highest Offense Level (Opening)**

None

**Terminated Counts**                   **Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints**                          **Disposition**

18:2422(b) − Attempted Online

1

Enticement of a Minor;
18:2252A(a)(5)(B), (b)(2) –
Possession of Child Pornography

**Plaintiff**

**USA**  represented by  **Kristine L Foerster**
UNITED STATES ATTORNEY'S OFFICE (SEA)
700 STEWART STREET
STE 5220
SEATTLE, WA 98101
206–428–3817
Email: kristine.foerster@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/21/2025 |  | Arrest of Raymond S Sulak on 2/21/2025. (KEB) (Entered: 02/21/2025) |
| 02/21/2025 | 1 | CHARGING DOCUMENT RECEIVED FROM OTHER COURT (Indictment, Warrant) as to Raymond S Sulak (Attachments: # 1 Warrant)(KEB) (Entered: 02/21/2025) |
| 02/21/2025 | 2 | MOTION for Detention by USA as to Raymond S Sulak (Foerster, Kristine) (Entered: 02/21/2025) |
| 02/21/2025 | 5 | ORDER APPOINTING FEDERAL PUBLIC DEFENDER appointing Lindsay Jo McCaslin for Raymond S Sulak. On the basis of the defendant's sworn financial statement, the court finds that they are financially unable to retain counsel. It is hereby ORDERED that the Federal Public Defender for the Western District of Washington be and hereby is appointed to represent the defendant pursuant to Title 18 United States Code 3006A. Approved by Judge David W. Christel. *(No.pdf image attached)* (KEB) (Entered: 02/21/2025) |
| 02/21/2025 | 6 | Minute Entry for proceedings held before Judge David W. Christel– CRD: *Kim Brye*; AUSA: *Kristine Foerster*; Def Cnsl: *Lindsay McCaslin*; PTS: *Elisa Sahore*; Time of Hearing: *2:00 PM*; Courtroom: *D*; Session #: *TAC250221*; **INITIAL APPEARANCE IN RULE 5(c)(3) PROCEEDINGS** as to Raymond S Sulak held on 2/21/2025. Defendant present in custody. Financial reviewed – counsel appointed. Parties advised of Due Process Protections Act. Defendant advised of rights and charges. Defendant filed Waiver of Rule 5 Hearings – Accepted. Order of Transfer signed. Government filed Motion for Detention. Defense requests Detention Hearing. Defendant remanded to custody.<br>Detention Hearing set for 2/26/2025 at 03:00 PM in D Courtroom before Judge David W. Christel. (KEB) (Entered: 02/21/2025) |
| 02/21/2025 | 11 | WAIVER OF RULE 5 HEARINGS AND ORDER OF TRANSFER to the District of Eastern District of Washington as to Raymond S Sulak by Judge David W. Christel. (Note: Although this document was signed 2/21/2025, it was held in abeyance until the detention issue was determined.) (cc: PTS, USMO) (GMR) (Entered: 02/26/2025) |

| 02/24/2025 | 7 | Arrest Warrant Returned Executed on 2/21/2025 in case as to Raymond S Sulak. (KEB) (Entered: 02/24/2025) |
|---|---|---|
| 02/26/2025 | 9 | Minute Entry for proceedings held before Judge David W. Christel– CRD: *Gayle Riekena*; AUSA: *Kristine Foerster*; Def Cnsl: *Lindsay McCaslin*; PTS: *Jaymie Parkhurst*; Time of Hearing: *3:00pm*; Courtroom: *D*; Session #: *TAC250226*; **DETENTION HEARING** as to Raymond S Sulak held on 2/26/2025. Defendant present in custody. Parties argue detention. For reasons stated on the record, defendant ORDERED detained. Written order to issue. Defendant remanded to USM custody pending transfer to the Eastern District of Washington. (GMR) (Entered: 02/26/2025) |
| 02/26/2025 | 10 | DETENTION ORDER PENDING TRIAL as to Raymond S Sulak by Judge David W. Christel. (cc: PTS, USMO) (GMR) (Entered: 02/26/2025) |

```
MIME-Version:1.0
From:ECF@wawd.uscourts.gov
To:ECF@wawd.uscourts.gov
Bcc:
--Case Participants: Kristine L Foerster (caseview.ecf@usdoj.gov,
ecf-crm.usawaw@usdoj.gov, kelly.shirkey@usdoj.gov, kristine.foerster@usdoj.gov), Judge
David W. Christel (christeldocs@wawd.uscourts.gov, ellen_terryzahn@wawd.uscourts.gov,
lisa_ledford@wawd.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:10218796@wawd.uscourts.gov
Subject:Activity in Case 3:25-mj-05064-DWC USA v. Sulak Arrest
Content-Type: text/html
```

## U.S. District Court

### United States District Court for the Western District of Washington

### Notice of Electronic Filing

The following transaction was entered on 2/21/2025 at 10:44 AM PST and filed on 2/21/2025

| | |
|---|---|
| **Case Name:** | USA v. Sulak |
| **Case Number:** | 3:25–mj–05064–DWC |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
**Arrest of Raymond S Sulak on 2/21/2025. (KEB)**

**3:25–mj–05064–DWC–1 Notice has been electronically mailed to:**

Kristine L Foerster     kristine.foerster@usdoj.gov, CaseView.ECF@usdoj.gov, ECF–CRM.USAWAW@usdoj.gov, kelly.shirkey@usdoj.gov

**3:25–mj–05064–DWC–1 Notice will not be electronically mailed to:**

The Honorable David W. Christel

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| UNITED STATES OF AMERICA, | NO. MJ25-5064DWC |
|---|---|
| Plaintiff, | |
| v. | MOTION FOR DETENTION ORDER |
| RAYMOND S. SULAK, | |
| Defendant. | |

The United States moves for detention of the Defendant, pursuant to 18 U.S.C. § 3142(e) and (f).

1. <u>Eligibility of Case</u>. This case is eligible for a detention order because this case involves (check all that apply):

   <u> X </u>   Crime of violence (18 U.S.C. § 3156)

   <u>   </u>   Crime of Terrorism (18 U.S.C. § 2332b(g)(5)(B)) with a maximum sentence of ten years or more

   <u>   </u>   Crime with a maximum sentence of life imprisonment or death

   <u>   </u>   Drug offense with a maximum sentence of ten years or more

Motion for Detention- 1
*United States v. Sulak,* MJ25-5064DWC

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
253- 428-3800

10

|   |   |   |
|---|---|---|
| 1 | ___ | Felony offense and defendant has two prior convictions in the four |
| 2 |   | categories above, or two State convictions that would otherwise fall within |
| 3 |   | these four categories if federal jurisdiction had existed |
| 4 | ___ | Felony offense involving a minor victim other than a crime of violence |
| 5 | ___ | Felony offense, other than a crime of violence, involving possession or use |
| 6 |   | of a firearm, destructive device (as those terms are defined in 18 U.S.C. |
| 7 |   | § 921), or any other dangerous weapon |
| 8 | ___ | Felony offense other than a crime of violence that involves a failure to |
| 9 |   | register as a Sex Offender (18 U.S.C. § 2250) |
| 10 | X | Serious risk the defendant will flee |
| 11 | X | Serious risk of obstruction of justice, including intimidation of a |
| 12 |   | prospective witness or juror |
| 13 | ___ | Probable cause to believe the defendant has been found guilty of an offense |
| 14 |   | and is awaiting imposition of a sentence under 18 U.S.C. § 3143(a) and |
| 15 |   | Federal Rule of Criminal Procedure 32.1(a)(6). |

16  2.  <u>Reason for Detention</u>.  The Court should detain defendant because there are
17 no conditions of release which will reasonably assure (check one or both):

|   |   |   |
|---|---|---|
| 18 | X | Defendant's appearance as required |
| 19 | X | Safety of any other person and the community |

20  3.  <u>Rebuttable Presumption</u>.  The United States will invoke the rebuttable
21 presumption against defendant under § 3142(e). The presumption applies because:

|   |   |   |
|---|---|---|
| 22 | ___ | Probable cause to believe defendant committed offense within five years of |
| 23 |   | release following conviction for a "qualifying offense" committed while on |
| 24 |   | pretrial release |
| 25 | ___ | Probable cause to believe defendant committed drug offense with a |
| 26 |   | maximum sentence of ten years or more |

27

Motion for Detention- 2
*United States v. Sulak,* MJ25-5064DWC

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
253- 428-3800

|   |   | Probable cause to believe defendant committed a violation of one of the following offenses: 18 U.S.C. §§ 924(c), 956 (conspiracy to murder or kidnap), 2332b (act of terrorism), 2332b(g)(5)(B) (crime of terrorism) |
|---|---|---|
|   | X | Probable cause to believe defendant committed an offense involving a victim under the age of 18 under 18 U.S.C. §§ 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1) through 2252(a)(3), 2252A(a)(1) through 2252A(a)(4), 2260, 2421, 2422, 2423 or 2425 |
|   |   | Probable cause to believe the defendant has been found guilty of an offense and is awaiting imposition of a sentence under 18 U.S.C. § 3143(a) and Federal Rule of Criminal Procedure 32.1(a)(6). |

4. <u>Time for Detention Hearing</u>. The United States requests the Court conduct the detention hearing:

   <u>X</u>   At the initial appearance

   ___   After continuance of ___ days (not more than 3)

DATED this 21st day of February, 2025.

Respectfully submitted,

TEAL LUTHY MILLER
Acting United States Attorney

*s/Kristine L. Foerster*
KRISTINE L. FOERSTER
Assistant United States Attorney
United States Attorney's Office
1201 Pacific Avenue, Suite 700
Tacoma, Washington 98402
Telephone: 253-428-3817
Email: Kristine.Foerster@usdoj.gov

Motion for Detention- 3
*United States v. Sulak,* MJ25-5064DWC

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
253- 428-3800

```
MIME-Version:1.0
From:ECF@wawd.uscourts.gov
To:ECF@wawd.uscourts.gov
Bcc:
--Case Participants: Kristine L Foerster (caseview.ecf@usdoj.gov,
ecf-crm.usawaw@usdoj.gov, kelly.shirkey@usdoj.gov, kristine.foerster@usdoj.gov), Lindsay
Jo McCaslin (alma_coria@fd.org, amy_strickling@fd.org, carolynn_cohn@fd.org,
jessica_cvitanovic@fd.org, julie_valencia@fd.org, lindsay_mccaslin@fd.org,
maritza_pitot@fd.org, waw_ecf_notifications_tac@fd.org), Judge David W. Christel
(christeldocs@wawd.uscourts.gov, ellen_terryzahn@wawd.uscourts.gov,
lisa_ledford@wawd.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:10219989@wawd.uscourts.gov
Subject:Activity in Case 3:25-mj-05064-DWC USA v. Sulak Order Appointing Public Defender
```
Content−Type: text/html

# U.S. District Court

### United States District Court for the Western District of Washington

### Notice of Electronic Filing

The following transaction was entered on 2/21/2025 at 4:11 PM PST and filed on 2/21/2025

| | |
|---|---|
| **Case Name:** | USA v. Sulak |
| **Case Number:** | 3:25−mj−05064−DWC |
| **Filer:** | |
| **Document Number:** | 5(No document attached) |

**Docket Text:**
 **ORDER APPOINTING FEDERAL PUBLIC DEFENDER appointing Lindsay Jo McCaslin for Raymond S Sulak. On the basis of the defendant's sworn financial statement, the court finds that they are financially unable to retain counsel. It is hereby ORDERED that the Federal Public Defender for the Western District of Washington be and hereby is appointed to represent the defendant pursuant to Title 18 United States Code 3006A. Approved by Judge David W. Christel.** *(No.pdf image attached)* **(KEB)**


**3:25−mj−05064−DWC−1 Notice has been electronically mailed to:**

Kristine L Foerster     kristine.foerster@usdoj.gov, CaseView.ECF@usdoj.gov, ECF−CRM.USAWAW@usdoj.gov, kelly.shirkey@usdoj.gov

Lindsay Jo McCaslin     lindsay_mccaslin@fd.org, alma_coria@fd.org, amy_strickling@fd.org, carolynn_cohn@fd.org, jessica_cvitanovic@fd.org, julie_valencia@fd.org, maritza_pitot@fd.org, waw_ecf_notifications_tac@fd.org

**3:25−mj−05064−DWC−1 Notice will not be electronically mailed to:**

```
MIME-Version:1.0
From:ECF@wawd.uscourts.gov
To:ECF@wawd.uscourts.gov
Bcc:
--Case Participants: Lindsay Jo McCaslin (alma_coria@fd.org, amy_strickling@fd.org,
carolynn_cohn@fd.org, jessica_cvitanovic@fd.org, julie_valencia@fd.org,
lindsay_mccaslin@fd.org, maritza_pitot@fd.org, waw_ecf_notifications_tac@fd.org), Kristine
L Foerster (caseview.ecf@usdoj.gov, ecf-crm.usawaw@usdoj.gov, kelly.shirkey@usdoj.gov,
kristine.foerster@usdoj.gov), Judge David W. Christel (christeldocs@wawd.uscourts.gov,
ellen_terryzahn@wawd.uscourts.gov, lisa_ledford@wawd.uscourts.gov)
--Non Case Participants: PTS-Tacoma (taccmecf@wawpt.uscourts.gov)
--No Notice Sent:

Message-Id:10219999@wawd.uscourts.gov
Subject:Activity in Case 3:25-mj-05064-DWC USA v. Sulak Initial Appearance - Rule 5(c)(3)
Content-Type: text/html
```

# U.S. District Court

## United States District Court for the Western District of Washington

### Notice of Electronic Filing

The following transaction was entered on 2/21/2025 at 4:17 PM PST and filed on 2/21/2025

**Case Name:** USA v. Sulak
**Case Number:** 3:25–mj–05064–DWC
**Filer:**
**Document Number:** 6(No document attached)

**Docket Text:**
**Minute Entry for proceedings held before Judge David W. Christel– CRD: *Kim Brye*; AUSA: *Kristine Foerster*; Def Cnsl: *Lindsay McCaslin*; PTS: *Elisa Sahore*; Time of Hearing: *2:00 PM*; Courtroom: *D*; Session #: *TAC250221*; INITIAL APPEARANCE IN RULE 5(c)(3) PROCEEDINGS as to Raymond S Sulak held on 2/21/2025. Defendant present in custody. Financial reviewed – counsel appointed. Parties advised of Due Process Protections Act. Defendant advised of rights and charges. Defendant filed Waiver of Rule 5 Hearings – Accepted. Order of Transfer signed. Government filed Motion for Detention. Defense requests Detention Hearing. Defendant remanded to custody.
Detention Hearing set for 2/26/2025 at 03:00 PM in D Courtroom before Judge David W. Christel. (KEB)**


**3:25–mj–05064–DWC–1 Notice has been electronically mailed to:**

Kristine L Foerster      kristine.foerster@usdoj.gov, CaseView.ECF@usdoj.gov, ECF–CRM.USAWAW@usdoj.gov, kelly.shirkey@usdoj.gov

Lindsay Jo McCaslin      lindsay_mccaslin@fd.org, alma_coria@fd.org, amy_strickling@fd.org, carolynn_cohn@fd.org, jessica_cvitanovic@fd.org, julie_valencia@fd.org, maritza_pitot@fd.org, waw_ecf_notifications_tac@fd.org

**3:25–mj–05064–DWC–1 Notice will not be electronically mailed to:**

14

```
MIME-Version:1.0
From:ECF@wawd.uscourts.gov
To:ECF@wawd.uscourts.gov
Bcc:
--Case Participants: Kristine L Foerster (caseview.ecf@usdoj.gov,
ecf-crm.usawaw@usdoj.gov, kelly.shirkey@usdoj.gov, kristine.foerster@usdoj.gov), Lindsay
Jo McCaslin (alma_coria@fd.org, amy_strickling@fd.org, carolynn_cohn@fd.org,
jessica_cvitanovic@fd.org, julie_valencia@fd.org, lindsay_mccaslin@fd.org,
maritza_pitot@fd.org, waw_ecf_notifications_tac@fd.org), Judge David W. Christel
(christeldocs@wawd.uscourts.gov, ellen_terryzahn@wawd.uscourts.gov,
lisa_ledford@wawd.uscourts.gov)
--Non Case Participants: PTS-Tacoma (taccmecf@wawpt.uscourts.gov)
--No Notice Sent:

Message-Id:10226204@wawd.uscourts.gov
Subject:Activity in Case 3:25-mj-05064-DWC USA v. Sulak Detention Hearing
```
Content−Type: text/html

# U.S. District Court

## United States District Court for the Western District of Washington

### Notice of Electronic Filing

The following transaction was entered on 2/26/2025 at 4:34 PM PST and filed on 2/26/2025

**Case Name:** USA v. Sulak
**Case Number:** 3:25−mj−05064−DWC
**Filer:**
**Document Number:** 9(No document attached)

**Docket Text:**
**Minute Entry for proceedings held before Judge David W. Christel– CRD: *Gayle Riekena*; AUSA: *Kristine Foerster*; Def Cnsl: *Lindsay McCaslin*; PTS: *Jaymie Parkhurst*; Time of Hearing: *3:00pm*; Courtroom: *D*; Session #: *TAC250226*; DETENTION HEARING as to Raymond S Sulak held on 2/26/2025. Defendant present in custody. Parties argue detention. For reasons stated on the record, defendant ORDERED detained. Written order to issue. Defendant remanded to USM custody pending transfer to the Eastern District of Washington. (GMR)**

**3:25−mj−05064−DWC−1 Notice has been electronically mailed to:**

Kristine L Foerster    kristine.foerster@usdoj.gov, CaseView.ECF@usdoj.gov, ECF−CRM.USAWAW@usdoj.gov, kelly.shirkey@usdoj.gov

Lindsay Jo McCaslin    lindsay_mccaslin@fd.org, alma_coria@fd.org, amy_strickling@fd.org, carolynn_cohn@fd.org, jessica_cvitanovic@fd.org, julie_valencia@fd.org, maritza_pitot@fd.org, waw_ecf_notifications_tac@fd.org

**3:25−mj−05064−DWC−1 Notice will not be electronically mailed to:**

Case 2:25-cr-00020-TOR ECF No. 9 filed 02/26/25 PageID.23 Page 1 of 17
Case 3:25-mj-05064-DWC Document 10 Filed 02/26/25 Page 12 of 17
AO 472 (Rev. 02/24) Order of Detention Pending Trial (Modified)

# UNITED STATES DISTRICT COURT
for the
Western District of Washington

_____ FILED _____ LODGED
_____ RECEIVED
Feb 26 2025
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. WAWD: MJ25-5064 |
| Raymond S. Sulak | ) | WAED: 2:25-CR-20-TOR |
| *Defendant* | ) | |

## DETENTION ORDER

### Part I - Eligibility for Detention

Upon motion of:
- ☒ the Government, in a case involving an **enumerated offense**, 18 U.S.C. § 3142(f)(1), or
- ☐ the Government or Court, in a case involving a **serious flight risk**, 18 U.S.C. § 3142(f)(2)(A), or
- ☐ the Government or Court, in a case involving **serious obstruction risk**, 18 U.S.C. § 3142(f)(2)(B),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☒ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*:
There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed an offense:

- ☐ **(1)** for which a maximum term of imprisonment of 10 years or more is prescribed in the **Controlled Substances Act** (21 U.S.C. §§ 801-904), the **Controlled Substances Import and Export Act** (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);
- ☐ **(2)** under 18 U.S.C. §§ 924(c) **(firearm)**, 956(a) **(violent foreign conspiracy)**, or 2332b **(terrorism)**;
- ☐ **(3)** listed in 18 U.S.C. § 2332b(g)(5)(B) **(terrorism-related offenses)** for which a maximum term of imprisonment of 10 years or more is prescribed;
- ☐ **(4)** under 18 U.S.C. §§ 1581-1597 **(slavery and human trafficking)** for which a maximum term of imprisonment of 20 years or more is prescribed; **or**
- ☒ **(5)** involving a **minor victim** under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☒ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(prior pretrial release violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:
- ☒ **(1)** the defendant is **charged with one of the following crimes** described in 18 U.S.C. § 3142(f)(1):
  - ☒ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
  - ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(e)** any felony that is not otherwise a crime of violence but involves:
**(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

☐ **(2)** the defendant has **previously been convicted** of a Federal offense that is described in **18 U.S.C. § 3142(f)(1)**, or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

☐ *(3)* the **prior conviction described in paragraph (2)** involves an offense **committed while the defendant was on release pending trial** for a Federal, State, or local offense; **and**

☐ **(4)** a period of **not more than five years has elapsed** since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

**C. Conclusions Regarding Applicability of Any Presumption Established Above**

☐ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

**OR**

☒ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because:

☐ **Flight Risk**: The government proved by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

☒ **Dangerousness**: The government proved by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☐ **Stipulation**: The defendant knowingly and voluntarily stipulated to detention without prejudice. The Court affirmed the defendant may request a detention hearing and upon such request the Court will schedule a detention hearing.

Case 2:25-cr-00020-DWC Document 11 Filed 02/26/25 Page 3 of 4
Case 3:25-mj-05064-DWC Document 9 Filed 02/26/25 Page 13 of 17
AO 472 (Rev. 02/24) Order of Detention Pending Trial (Modified)

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

- ☒ Nature and circumstances of the offense
- ☐ Subject to lengthy period of incarceration if convicted
- ☒ Weight of evidence against the defendant is strong (least important factor)
- ☐ History of violence or use of weapons
- ☐ Attempt(s) to evade law enforcement or escape
- ☐ Criminal history
- ☐ Failure(s) to appear in court as ordered
- ☒ On probation, parole, or supervision during the current offense/arrest
- ☐ Violations of probation, parole, or supervised release
- ☐ Lack of stable residence
- ☐ Lack of legal status in the United States
- ☐ Lack of significant family ties
- ☐ Significant family or other ties outside the United States
- ☐ Lack of significant community ties
- ☐ Lack of stable employment
- ☐ Lack of financially responsible sureties
- ☐ Dishonest conduct, false statements, or fraud
- ☐ Use of alias(es) or false documents
- ☐ History of alcohol or substance abuse
- ☐ Lack of financial ties
- ☐ Unstable mental condition

OTHER REASONS OR FURTHER EXPLANATION:
All the reasons stated on the record at the detention hearing.

In July 2024, the Defendant was placed on bond in the state court proceeding currently pending in Chelan County, Washington. That bond required the Defendant to not commit any new criminal violations. Upon execution of a search warrant on his person and residence in February 2025, a cell phone and two devices capable of storing images were obtained. A preliminary review of the contents of these devices by law enforcement show they contained significant quantities of child sexual abuse images. The presence of these images on devices in Defendant's possession following his release on bond underscores the Court's concern that there are no conditions or combination of conditions to reasonably assure the safety of any other person or the community.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated: 2/26/2025

Hon. *[signature]*
United States Magistrate Judge

MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | WA/WD Case No. 3:25-mj-05064-DWC |
| Plaintiff, | Charging District's Case No. 2:25-cr-20-TOR |
| v. | |
| RAYMOND S. SULAK, | WAIVER OF RULE 5(c)(3)(D) HEARING AND ORDER OF TRANSFER |
| Defendant. | |

I, Raymond S. Sulak, have appeared before a United States Magistrate Judge in the Western District of Washington, and understand there is an indictment, information, complaint, or warrant pending in another district, the Eastern District of Washington. I have been informed of the nature of the proceeding in the other district and of my rights:

(1) **Counsel:** I have the right to the effective assistance of counsel, which includes the right to:

    a. the appointment of counsel at no cost if I am unable to afford counsel; and

    b. retain counsel of choice;

(2) **Identity Hearing:** I have a right to an identity hearing to determine whether I am the person named in the indictment, information, complaint, or warrant;

(3) **Warrant Production:** I have a right to the production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4) **Preliminary Hearing:** Unless an indictment is filed, I have a right to a preliminary hearing to determine whether there is probable cause to believe that an offense has been committed and that I committed the alleged offense.

WAIVER OF RULE 5 AND
ORDER OF TRANSFER - 1

**(5) Release or Detention Hearing:**

    a. <u>Personal Recognizance.</u> I may be released on my personal recognizance or unsecured bond unless a judicial officer determines that such release will not reasonably assure my appearance as required or will endanger the safety of any other person or the community;

    b. <u>Least Restrictive Conditions.</u> I may be released subject to the least restrictive additional condition or combination of conditions that the judicial officer determines are necessary to reasonably assure my appearance as required and the safety of any other person and the community; or

    c. <u>Detention Hearing.</u> If the government moves for detention, and that hearing is authorized by 18 U.S.C. § 3142(f), then I have a right to a hearing where a judicial officer will determine whether there is no condition or combination of conditions that will reasonably assure my appearance as required and the safety of any other person and the community; and

**(6) Transfer:** I may request transfer of the proceedings to this district to plead guilty and be sentenced under Fed. R. Crim. P. 20. The United States Attorneys in both districts must also approve the transfer in writing.

I agree to waive my right(s) to:

☑ an identity hearing and production of the warrant.

☑ a preliminary hearing in this district.

☐ a detention hearing in this district.

I consent to the issuance of an order directing me to appear and answer in said district where the charges are pending.

DATED this __21__ day of __Feb.__, 20__25__.

WAIVER OF RULE 5 AND
ORDER OF TRANSFER - 2

21

_____   _____
Defense Counsel                 Defendant

### ORDER OF TRANSFER

Based on the foregoing Waiver, it is hereby ORDERED that the further proceedings in this case shall be conducted in the U. S. District Court for the Eastern District of Washington. The Clerk of this Court shall forthwith transmit to the Clerk in said district the records of proceedings conducted in this district. Unless the defendant is released on bond, the U.S. Marshal is directed to transport defendant as promptly as possible to that district.

If released, the defendant is directed to appear in that district for further proceedings at the time and place specified on the bond, or as otherwise directed by court order.

DATED this 21st day of Feb, 2025.

_____
UNITED STATES MAGISTRATE JUDGE

WAIVER OF RULE 5 AND
ORDER OF TRANSFER - 3